## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

THOMAS CLANCY,                      :
       Plaintiff,              :
                          :   Civil Case No.: ELH-12-1598
v.                                 :
                          :
SKYLINE GRILL, LLC, ET AL.,        :
       Defendants.             :

…o0o…

### REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff Thomas Clancy's Motion for Default Judgment as to Defendant Skyline Grill, LLC t/a Skyline Bar and Grill ("Skyline Grill"),[1] ECF No. 10.  On August 15, 2012, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hollander referred this case to me to review Plaintiff's Motion and to make recommendations regarding damages.  ECF No. 15.  I find that a hearing is unnecessary in this case.  *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6.  For the reasons stated herein, I recommend that Plaintiff's Motion for Default Judgment as to Defendant Skyline Grill be GRANTED as to Counts One, Two, Three, and Four and DENIED as to Count Five, and that damages be AWARDED, as set forth herein.

## I.     FACTUAL AND PROCEDURAL HISTORY

Defendant Skyline Grill is a retail restaurant and bar business located in Ocean City, Maryland. Compl. ¶ 7, ECF No. 1. Defendant hired Plaintiff in October 2011 to work as a "Line

---

[1] Plaintiff also seeks Entries of Default as to Skyline Grill co-owners William Mulholland and Marcus Donovan, also defendants in this case. ECF Nos. 12 & 16. As Plaintiff has not moved for a default judgment as to the individual Defendants, this Report and Recommendation only applies to Defendant Skyline Grill.  References to "Defendant" refer to Skyline Grill, unless otherwise noted.

Cook" at the restaurant for $9.00 per hour.  *Id.* ¶¶ 11–12.  Defendant did not add Plaintiff to its "internal computerized time keeping system" during his first weeks of employment, so Plaintiff "kept a contemporaneous handwritten index of his hours worked during his first two weeks of employment."  *Id.* ¶¶ 14–15.  Plaintiff claims that these hours were never added to the timekeeping system, such that he was never paid for this work.  *Id.* ¶ 16.  According to Plaintiff, he worked for Defendant at least forty-five hours per week from October 20, 2011 to April 10, 2012, "at which point he was forced to involuntarily leave due to ongoing non-payment."  *Id.* ¶¶ 12, 26 & 30.

Plaintiff states that Defendant Marcus Donovan, co-owner of Skyline Grill, gave him a personal check for $600 to cover some of his outstanding wages, but "the check failed to clear," and Plaintiff "was assessed an overdraft fee and had his account involuntarily closed due to this issue."  *Id.* ¶ 19.  He asserts that, without his wages, he "was unable to pay his bills, costs of living and child support," and as a result, his ex-wife "attempt[ed] to garnish [his] wages to account for child support deficiencies."  *Id.* ¶¶ 20–21.  Thereafter, Defendant Donovan paid Plaintiff $1,300.00 "in cash out of his pocket," *id.* ¶¶ 22–23, and $100.00 by personal check, *id.* ¶ 25.  The payments he received "were not accompanied by any type of record, register detail or accounting of any kind."  *Id.* ¶ 22.  According to Plaintiff, because Defendant failed to garnish his wages, Plaintiff's ex-wife "subpoena[ed] Mr. Clancy to attend a child support hearing in Massachusetts" in January, for which he incurred hotel and airfare costs.  *Id.* ¶¶ 21 & 23.

On May 30, 2012, Plaintiff filed a five-count complaint against Defendant, alleging that Defendant failed to pay Plaintiff regular and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (1998 & Supp. 2007) ("FLSA") (Count One); the Maryland Wage Payment Collection Law, Lab. & Empl. §§ 3-501 – 3-509 ("MWPCL") (Count

Two); and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 – 3-431 (2008) ("MWHL") (Count Three); and that Defendant was liable to Plaintiff for breach of contract (Count Four) and in *quantum meruit* (Count Five). Compl. ¶¶ 38, 39, 44, 48, 50 & 55. Plaintiff claims that Defendant "willfully and intentionally" failed to pay him regular and overtime pay for the twenty-six weeks of his employment, "in blatant and willful violation of federal and state law." *Id.* ¶¶ 28–29 & 32. He specifies that he was not paid "on or before the day that he would have been paid if he had not been terminated." *Id.* ¶ 42. Plaintiff also alleges that Defendant breached a contract between Plaintiff and Defendant by failing to pay Plaintiff's agreed-upon wages and "further breached when [Plaintiff] was given a check for $600.00 that was drawn upon insufficient funds." *Id.* ¶ 52. In addition, Plaintiff claims that Defendant "had a contractual or alternatively an equitable quasi-contractual obligation to compensate [Plaintiff]" for his time as an employee at Skyline Grill, and Plaintiff "conferred benefits upon [Defendant] by working on [its] behalf," such that it was inequitable for Defendant to retain Plaintiff's regular and overtime wages. *Id.* ¶¶ 55 & 57. He seeks damages of $9,715.00 for unpaid regular and overtime wages under the FLSA and MWHL and for breach of contract; liquidated damages; treble damages, i.e., $29,145.00, under the MWPCL; consequential damages resulting from Skyline Grill's failure to comply with garnishment requests for Plaintiff's child support costs and the costs Plaintiff incurred when Defendant gave him a check that bounced; pre-judgment and post-judgment interest; attorney's fees; and costs. *Id.* at 14.

Defendant was served on June 14, 2012 by certified mail sent to its resident agent, the Maryland Department of Assessments and Taxation. ECF No. 6. Defendant has not filed an Answer or otherwise responded to the Complaint. Plaintiff filed a Motion for Entry of Default as to Defendant Skyline Grill on July 12, 2012. ECF No. 8. The Clerk entered an Order of Default

as to Skyline Grill on July 16, 2012.  ECF No. 9.  Plaintiff filed the pending Motion for Default

Judgment as to Defendant Skyline Grill on July 18, 2010.  Defendant has not filed a response.

## II.    DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments.  Rule

55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum

certain or a sum that can be made certain by computation."  A plaintiff's assertion of a sum in a

complaint does not make the sum "certain" unless the plaintiff claims liquidated damages;

otherwise, the complaint must be supported by affidavit or documentary evidence.  *See Medunic*

*v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974) (concluding that clerk could not enter default

judgment where damages were not liquidated), *reversed on other grounds*, 533 F.2d 891 (3d Cir.

1976).

> If the sum is not certain or ascertainable through computation, Rule 55(b)(2) provides:
>
> [T]he party must apply to the court for a default judgment. . . . The court may
> conduct hearings or make referrals — preserving any federal statutory right to a
> jury trial — when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>>
>> (B) determine the amount of damages;
>>
>> (C) establish the truth of any allegation by evidence; or
>>
>> (D) investigate any other matter.

The entry of default judgment is a matter within the discretion of the Court.  *SEC v.*

*Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491,

494 (D. Md. 2002)). As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402 (D.

Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that

cases be decided on the merits.'" *Id.* at 405 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d

450, 453 (4th Cir. 1993)). Nonetheless, "default judgment is available when the 'adversary

process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. at 421).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., Fed. Prac. and Proc. Civ. § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 484 (citing *Ryan*, 253 F.3d at 780–81). This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec.*

*Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-plead allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.").

In sum, the Court must make two determinations. First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action." *Samler*, 725 F. Supp. 2d at 494. Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.*

### A. Liability

As noted, Defendant Skyline Grill was served with the Complaint on June 14, 2012, over four months ago, but has not responded. Thus, all of Plaintiff's allegations—other than those pertaining to damages, as discussed *infra*—are deemed admitted. Fed. R. Civ. P. 8(b)(6). Plaintiff moved for an entry of default on July 12, 2012, and a default judgment on July 18, 2012, and Defendant still did not respond. It is within the Court's discretion to grant default judgment when a defendant does not respond or defend its case. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (holding that entry of default judgment was proper because defendant had been properly served with complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also Lawbaugh*, 359 F. Supp. 2d at 422 (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his

motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment). Accordingly, the Court should grant default judgment as to Defendant Skyline Grill if Plaintiff has established Defendant's liability.

### 1.  Claims under FLSA and MWHL (Counts One and Three)

As noted, Plaintiff claims that Defendant failed to pay Plaintiff regular and overtime wages in violation of the FLSA and MWHL. "The FLSA requires that employers pay nonexempt employees at least the federal minimum wage for all hours worked and overtime pay for hours worked in excess of 40 hours per week." *Turner v. Human Genome Science, Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003); *see* 29 U.S.C. §§ 206(a)(1) & 207(a)(1). Overtime pay shall be "at a rate not less than one and one-half times the regular rate and which [the employee] is employed." 29 U.S.C. § 207(a)(1). The requirements are the same under the MWHL because "[t]he MWHL is the 'state parallel' to the FLSA, and the requirements for pleading a claim under the MWHL 'mirror those of the federal law.'" *Quickley v. Univ. of Md. Med. Sys. Corp.*, No. CCB-12-321, 2012 WL 4069757, at *6 (D. Md. Sept. 14, 2012) (quoting *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 242 (D. Md. 2012)); *see* Md. Code Ann., Lab & Empl. § 3-413(b) (requiring minimum wage payments) & § 3-415(a) (requiring overtime pay). Plaintiff has alleged that he is a non-exempt employee;[2] worked for Defendant at least forty-five hours per week from the beginning of his employment on October 20, 2011 to April 10, 2012; and received only partial payment for his regular wages. Compl. ¶¶ 29–31; Clancy Decl. ¶¶ 4, 14.A & B and Donovan Ltr. 1, Pl.'s Mem. Ex. 1, ECF No. 10-2.[3] Accepting as true Plaintiff's well-pleaded

---

[2] *See* 29 U.S.C. § 213(a)(1) (stating that exempted employees include employees working in "a bona fide executive, administrative, or professional capacity").

[3] Defendant Donovan's letter and Plaintiff's handwritten list of the hours he worked in the beginning of his employment ("List of Hours") follow Clancy's Declaration as part of Exhibit 1 to Plaintiff's Memorandum.

allegations, I find that Plaintiff has established that Defendant Skyline Grill violated 29 U.S.C. §§ 206(a)(1) & 207(a)(1) and Lab & Empl. §§ 3-413(b) & 3-415(a), and is liable to Plaintiff under the FLSA and MWHL. Therefore, default judgment on Counts One and Three is proper as to Defendant Skyline Grill. *See Lawbaugh*, 359 F. Supp. 2d at 422 (default judgment is proper where plaintiff's pleadings establish defendant's liability).

### 2. MWPCL Claim (Count Two)

The MWPCL provides that employers "shall pay each employee at least once in every 2 weeks or twice in each month." Lab. & Empl. § 3-502(a)(1)(ii). It also provides, with exceptions not relevant here, that "each employer shall pay an employee . . . all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." *Id.* § 3-505(a). Plaintiff alleges that Defendant paid him only four times during his twenty-six weeks of employment. Compl. ¶¶ 22, 23 & 26. This is a far cry from bi-weekly or twice-per-month payments. He also insists that "Defendants . . . fail[ed] to pay all 'wages,' which includes bonuses, to Mr. Clancy for the work that he performed prior to termination on or before the day that he would have been paid if he had not been terminated," *id.* ¶ 42, and that the "failure to pay" him "was done willfully and intentionally," *id.* ¶ 32. Based on Plaintiff's well-pleaded allegations, Defendants made only four irregular and insufficient payments to Plaintiff during Plaintiff's twenty-six week period of employment, and Defendants willfully and intentionally failed to pay the rest of Plaintiff's wages to Plaintiff by the date on which he should have received his last paycheck after his employment ended. Thus, accepting these allegations as true, I find that Plaintiff has established that Defendant Skyline Grill "willfully and intentionally" failed to pay Plaintiff regularly or at the end of his employment, in violation of the MWPCL, and

is liable to Plaintiff under that statute, such that default judgment as to Defendant Skyline Grill on Count Two is proper. *See Lawbaugh*, 359 F. Supp. 2d at 422.

### 3. Breach of Contract (Count Four)

Additionally, Plaintiff claims that Defendant is liable for breach of contract. Compl. ¶ 52. A breach of contract is "a failure without legal excuse to perform any promise which forms the whole or part of a contract . . . ." *In re Ashby Enters., Ltd.*, 250 B.R. 69, 72 (Bankr. D. Md. 2000) (quoting *Conn. Pizza, Inc. v. Bell Atl.-Wash., D.C., Inc.*, 193 B.R. 217, 225 (Bankr. D. Md. 1996) (quoting *Weiss v. Sheet Metal Fabricators, Inc.*, 110 A.2d 671, 675 (Md. 1955)) (quotation marks omitted)). A contract exists where there is "mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004).

Here, Plaintiff has not provided the contract to the Court, but he has demonstrated its existence sufficiently. Based on Plaintiff's allegations, Plaintiff offered services to Defendant when he was hired as a Line Cook. Compl. ¶¶ 11–12 & 50. Further, Defendant accepted Plaintiff's offer by agreeing to pay him bi-weekly for the hours he worked. *Id.* Defendant did not reimburse Plaintiff fully for the hours he worked. *Id.* ¶¶ 31 & 52. Additionally, Plaintiff provided a letter from Defendant Donovan, on behalf of Defendant Skyline Grill, evidencing that Plaintiff worked for Skyline Grill and that Skyline Grill owed Plaintiff wages for his work. Donovan Ltr. 1. Therefore, based on Plaintiff's well-pleaded factual allegations, Defendant Skyline Grill is liable to Plaintiff for breach of contract, *see In re Ashby Enters., Ltd.*, 250 B.R. at 72, and default judgment is proper on Count Four as to Defendant Skyline Grill. *See Lawbaugh*, 359 F. Supp. 2d at 422.

### 4.  *Quantum Meruit* (Count Five)

*Quantum meruit* is a "quasi-contract remed[y] . . . that permits recovery, 'where, in fact there is no contract, but where circumstances are such that justice warrants a recovery as though there had been a promise.'" *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F. Supp. 2d 785, 790 (D. Md. 2002) (quotations omitted).   A plaintiff cannot recover under *quantum meruit* when a contract exists, as "[t]he general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests." *County Comm'rs of Caroline Cnty. v. J. Ronald Dashiell & Sons, Inc.*, 747 A.2d 600, 605 (Md. 2000) (citations and quotations omitted).  Here, as discussed above, Plaintiff has shown the existence of a contract between the parties, and therefore he cannot recover under *quantum meruit*.  *See id.*  Default judgment is not proper on Count Five.

### B.  Damages

Plaintiff seeks damages equivalent to his unpaid wages in Counts One, Three, and Four. Compl. ¶¶ 39, 48 & 53.   In Counts One, Two, and Three, he seeks pre- and post-judgment interest, costs, and attorney's fees.  *Id.* ¶¶ 39, 44 & 48.  He seeks "liquidated damages equal to the amount of damages" in Count I, *id.* ¶ 39, "treble damages in an amount not exceeding three times the unpaid wages" in Count Two, *id.* ¶ 44, and consequential damages in Count Four, *id.* ¶ 53.  As Plaintiff notes, *see* Pl.'s Mem. 4 n.3, ECF No. 10-1, under what is known as the "one wrong, one recovery rule," a party may not recover twice for one injury, even if the party asserts multiple, consistent theories of recovery.  *See Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 333 (1980).  ("It . . . goes without saying that the courts can and should preclude double recovery by an individual."); *United States v. Rachel*, 289 F. Supp. 2d 688, 697 (D. Md. 2003) ("The one wrong, one recovery rule precludes a party from double recovery for a single

injury." (citing *Kramer v. Emche*, 494 A.2d 225, 231 (Md. Ct. Spec. App. 1985))). Therefore, Plaintiff will recover only once for all damages resulting from Defendant's failure to pay him his deserved wages, even though Plaintiff established Defendant's liability under all three statutes and for breach of contract.

On default judgment, the Court may award damages without a hearing, but only if the record supports the damages requested. *See, e.g.*, *Pentech*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default judgment against defendant because plaintiff submitted invoices documenting the money owed to plaintiff). Here, in support of the damages he claims, Plaintiff provided a letter from Defendant Donovan, Donovan Ltr. 1; a handwritten record of the hours Plaintiff worked during the first sixteen days of his employment, List of Hours; and a Declaration that Plaintiff signed under penalty of perjury, Clancy Decl. ¶ 14.A–G.

In his letter, Defendant Donovan conceded that Plaintiff was "gainfully employed at Skyline Bar and Grill approx[imately] 30-40 hours per week," and admitted that Plaintiff "ha[d] been paid in small increments" and would "be paid whenever [Skyline Grill had] the money to do so." Donovan Ltr. 1. Plaintiff's handwritten record of his hours shows that he worked fifty-

seven hours and forty minutes his first week, forty hours and forty-five minutes his second week, and eight hours and thirty minutes over the following two days.  List of Hours.   In his Declaration, Plaintiff stated that he worked forty regular hours per week at $9.00 per hour from October 20, 2011 to April 10, 2012, a period of twenty-six weeks,[4] for which he should have received $9,360.00. Clancy Decl. ¶ 14.A.   Plaintiff also stated that he worked five overtime hours per week at $13.50 per hour, for which he should have received $1,755.00.  *Id.* ¶ 14.B.  He acknowledged that Defendant paid him a total of $1,400.00, *id.* ¶ 14.C, such that Defendant owes him $9,715.00 for unpaid regular and overtime wages, *id.* ¶ 14.D.  He asserted that, under the MWPCL, Defendant owes him $29,145.00 for treble damages.  *Id.* ¶ 14.E. Plaintiff also insisted that Defendant owes him consequential damages of $937.00 for "[a]irfare, lodging and related travel expenses," *id.* ¶ 14.F; pre-judgment interest totaling $2,117.68, *id.* ¶ 14.G; and $400 in costs, *id.* ¶ 14.H.

### 1.  Unpaid Regular Wages and Overtime Compensation; Liquidated Damages, Treble Damages, and Consequential Damages

Plaintiff seeks compensation for hours he worked for which Defendant did not pay him.

29 U.S.C. § 216(b) provides:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . .

Similarly, under the MWHL, "[i]f an employer pays an employee less than the wage required under this subtitle, the employee may bring an action against the employer to recover the difference between the wage paid to the employee and the wage required under this subtitle." Lab. & Empl. § 3-427(a).

---

[4] As discussed *infra*, October 20, 2011 to April 10, 2012 is a period of twenty-four weeks and six

Defendant's liability for violations of 29 U.S.C. §§ 206(a)(1) & 207(a)(1) and Md. Code Ann., Lab & Empl. §§ 3-413(b) & 3-415(a) has been established.   The amount Defendant owes Plaintiff is calculated based on Plaintiff's rate of compensation and the number of unpaid hours he worked.   "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of [her] improperly compensated work 'as a matter of just and reasonable inference.'" *Lopez v. Lawns 'R' Us*, Civil No. DKC-07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008) (quoting *Donovan v. Bel-Loc Diner, Inc*., 780 F.2d 1113, 1116 (4th Cir. 1985)); *see Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("Due regard must be given to the fact that it is the employer who has the duty under . . . the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof."), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972). Moreover, an employee's statement under oath "as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed," and if the employer does not successfully rebut the employee's statement, "[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate."[5] *Lopez*, 2008 WL 2227353,

_____

days.

[5] In *Lopez*, 2008 WL 2227353, at *3 n.5, the Court noted that "[t]hese standards apply to FLSA claims . . . . but application of the FLSA standards [to MWCPL claims as well] is appropriate in

at *3 (discussing employees' testimony at hearing).  In this regard, *Lopez*, 2008 WL 2227353, is informative.

The *Lopez* plaintiffs brought claims under the FLSA, MWPCL, and MWHL for unpaid regular wages and overtime compensation, liquidated damages, attorney's fees and costs.  *Id.* at *1 & 3. After the Clerk made an entry of default against the defendants/employers, a damages hearing ensued.  *Id.* at *1.  Noting that "[e]ach Plaintiff provided credible testimony as to his recollection of the hours he worked and the pay he received, and Defendants have failed to rebut the inference created by the Plaintiffs' evidence," Magistrate Judge Schulze recommended that "the Court find that Plaintiffs have satisfied their burden of establishing that each did work for Defendants for which he never received compensation," and accept the figures that each plaintiff provided in his testimony.  *Id.* at *4.

Plaintiff credibly established his rate of pay and the number of regular and overtime hours for which he did not receive compensation, albeit by declaration and exhibits instead of testimony. Clancy Decl. ¶¶ 4 & 14 A–G; Donovan Ltr. 1; List of Hours.  I note that, although Plaintiff declared that he typically worked forty-five hours per week, Clancy Decl. ¶ 4, he offered more specific evidence that he worked fifty-seven hours and forty minutes his first week and forty hours and forty-five minutes his second week, List of Hours.  Also, although Plaintiff stated that he worked twenty-six weeks, Clancy Decl. ¶ 14.A, he also stated more specifically that he worked from October 20, 2011 to April 10, 2012, *id.*, a period of twenty-four weeks and six days.  I also note that Plaintiff received compensation of $1,400.  *Id.* ¶ 14.C.  Based on this

light of Maryland's similar requirement that employers keep records of employees' hours and wages," and that "[c]ases indicate that the same kind of evidence—including an employee's testimony—would be competent under Maryland law."

evidence, I find that Defendant failed to compensate Plaintiff for $9,320.76 for unpaid regular and overtime wages, as set forth in the table below.  *See id.* ¶ 14; Donovan Ltr. 1; List of Hours.

| Week(s) | Regular Hours | Wages Earned for Regular Hours @ $9.00/hr | Overtime Hours | Wages Earned for Overtime Hours @ $13.50/hr | Total Wages Earned for Week |
|---|---|---|---|---|---|
| 1 | 40 | $360.00 | 17:40 | $238.50 | $598.50 |
| 2 | 40 | $360.00 | :45 | $10.13 | $370.13 |
| 3–24 | 880 (40 hours per week for 22 weeks) | $7,920.00 | 110 (5 hours per week for 22 weeks) | $1,485.00 | $9,405.00 |
| 25 (6-day week) | 38.57 (6/7 of typical 45-hour week) | $347.13 | 0 | 0 | $347.13 |
| **Total Wages Earned** | | | | | **$10,720.76** |
| **Compensation Received** | | | | | ($1,400.00) |
| **Total Wages Due** | | | | | **$9,320.76** |

Therefore, Defendant is liable to Plaintiff for $9,320.76 for unpaid wages under either the FLSA or the MWHL.

Plaintiff also seeks treble damages under the MWPCL or, if the Court does not award treble damages, liquidated damages under the FLSA.  Compl. 14; *see* Pl.'s Mem. 4 n.3. Additionally, Plaintiff seeks consequential damages for breach of contract.  Compl. 14.  The FLSA provides that an employer who violates 29 U.S.C. § 206(a)(1) or § 207(a)(1), as Defendant has, is liable to the employee for liquidated damages in an amount equivalent to the amount of unpaid minimum wages and overtime compensation, in addition to its liability for the unpaid wages. 29 U.S.C. § 216(b).  The MWPCL provides that if "a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide

dispute, the court may award the employee an amount not exceeding 3 times the wage." Lab. & Empl. § 3-507.1(b). Treble damages are in lieu of a flat payment of unpaid wages as damages. *See Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 850 (D. Md. 2005) ("[T]he Payment Law's treble damages provision does not authorize treble damages in addition to the unpaid wage . . . . Rather, the statute caps an employee's award at three times that wage."). Thus, the FLSA provides for a doubling of the amount of unpaid wages as damages, *see* 29 U.S.C. § 216(b), and the MWPCL provides for a tripling of the amount of unpaid wages as damages, *see Imgarten*, 383 F. Supp. 2d at 850.

As noted, Plaintiff is "entitled to recover liquidated damages under the FLSA or treble damages under the Maryland Wage Payment and Collection Law, but not both." *Quiroz v. Wilhelm Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011). Moreover, "[e]nhanced damages serve the dual purposes of compensating employees for consequential losses, such as late charges or evictions, that can occur when employees who are not properly paid are unable to meet their financial obligations; and of penalizing employers who withhold wages without colorable justification." *Lopez*, 2008 WL 2227353, at *4. Thus, a plaintiff cannot recover for consequential damages in addition to receiving liquidated or treble damages, *see Gen. Tel. Co.*, 446 U.S. at 333, and treble damages would be in lieu of damages for unpaid wages, *see Imgarten*, 383 F. Supp. 2d at 850.

In *Lopez*, the Court awarded "two times [the plaintiffs'] unpaid regular wages," reasoning that although the defendants "did not offer any evidence of a bona fide dispute" to make liquidated damages inappropriate, plaintiffs "did not offer any evidence of consequential damages suffered because of the underpayments." *Lopez*, 2008 WL 2227353, at *4; *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 800 (D. Md. 2010) (doubling, rather than

trebling, unpaid wages where defendants did not offer evidence of a bona fide dispute and plaintiff did not claim consequential damages). Here, also, Defendant has not offered any evidence of a bona fide dispute. Unlike in *Lopez* and *Monge*, Plaintiff has offered evidence of what Plaintiff views as consequential damages. *See* Clancy Decl. ¶ 14.F. Specifically, as Plaintiff sees it, because Skyline Grill failed to garnish his wages, Plaintiff had to attend a child support enforcement hearing in Massachusetts and incurred travel expenses of $937.00 in doing so.[6] *Id.* However, recovery of consequential damages is limited in a claim for breach of contract, as "a plaintiff may only receive compensation for those injuries that the defendant had reason to foresee as a probable result of his breach at the time that the contract was made." *Seton v. United Gold Network, LLC*, No. DKC-06-1246, 2008 WL 1925180, at *5 (D. Md. Apr. 30, 2008). Plaintiff has not shown that, when Defendant hired Plaintiff, Defendant had any reason to foresee that its failure to pay Plaintiff's wages would cause Plaintiff to incur travel expenses to attend a hearing in Massachusetts. Moreover, treble damages would total $27,962.28 ($9,320.76 x 3), and liquidated damages plus unpaid wages would total $18,641.52 ($9,320.76 x 2), a difference of $9,320.76 that does not seem warranted by alleged consequential damages of less than $1,000. Therefore, I recommend that the Court deny Plaintiff's request for treble damages, but double Plaintiff's unpaid wages and award Plaintiff damages of $18,641.52 for unpaid wages.

### 2. Attorney's Fees

Plaintiff seeks attorney's fees. Compl. 14. Reasonable attorney's fees are mandatory under 29 U.S.C. § 216(b), and Lab. & Empl. §§ 3-507.2(b)(1) & 3-427(d) provide that the Court

---

[6] Plaintiff also alleges that when attempting to cash a personal check provided by Defendant Donovan as a partial wage payment, the check bounced and Plaintiff incurred bank fees, Compl. ¶¶ 52–53, but Plaintiff does not offer any evidence of the fees that he incurred.

may award reasonable attorney's fees to the employee.  Therefore, I recommend that the Court award attorney's fees. In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). To that end, Plaintiff shall submit a bill of costs within fourteen (14) days of this Report and Recommendation, with Defendant's response, if any, to be submitted within fourteen (14) days thereafter.

### 3.   Costs

Plaintiff also requests that the Court award costs, namely $350.00 for the court filing fee and $50.00 for the service of process fee, for a total of $400.00.  Compl. 14.  He states the amount of costs in his Declaration.  Clancy Decl. ¶ 14.H.  In an FLSA action, the "[p]ayment of costs to a prevailing plaintiff is mandatory. . . ."  *Lopez*, 2008 WL 2227353, at *7; *see* 29 U.S.C. § 216(b).  The Court also may award costs under Lab. & Empl. §§ 3-507.2(b)(1) & 3-427(d). Under FLSA and other similar fee-shifting statutes, "the costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Lopez*, 2008 WL 2227353, at *7 (finding a $350 filing fee and a $200 service process fee "well within the categories of normal and necessary costs of litigation that would normally be charged to paying clients").  I find that Plaintiff has shown that he incurred costs of $400.00, and that his request is reasonable.  Therefore, I recommend that the Court award Plaintiff $400.00 in costs.

### 4.   Pre-judgment Interest

"The purpose of pre-judgment interest is to make plaintiff whole." *Quirk v. Balt. Cnty., Md.*, 895 F. Supp. 773, 790 (D. Md. 1995).  It generally is at the discretion of the Court to award pre-judgment interest, based on a "consideration of the equities of the particular case." *Id.*  Yet, "the Supreme Court has 'held that FLSA's liquidated damages were provided in lieu of calculating the costs of delay – which is the function of prejudgment interest – and therefore that a claimant could not recover both prejudgment interest and liquidated damages.'" *Kennedy v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 527 (E.D. Va. 2011) (quoting *Hamilton v. 1st Source Bank*, 895 F.2d 159, 166 (4th Cir. 1990) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 714–16 (1945)).  On that basis, the Fourth Circuit has affirmed a district court's refusal to award pre-judgment interest, reasoning that "[t]he award of liquidated damages more than adequately compensated [plaintiff] for the delay in payment of overtime wages due him." *Masters v. Md. Mgmt. Co.*, 493 F.2d 1329, 1334 (4th Cir. 1974).  Having recommended that the Court award twice the amount of Plaintiff's unpaid wages as damages, I recommend that the Court deny Plaintiff's request for pre-judgment interest, in light of the doubled damages award.

### 5.   Post-judgment Interest

"'Postjudgment interest is due on awards under FLSA in accordance with 28 U.S.C. § 1961.'" *Kennedy*, 779 F. Supp. 2d at 527 (quoting *Thomas v. Cnty. Of Fairfax, Va.*, 758 F. Supp. 353, 370 (E.D. Va. 1991)).  Therefore, I recommend that the Court award post-judgment interest to Plaintiff as calculated under 28 U.S.C. § 1961.

## III.    TIMING OF ENTRY OF JUDGMENT OF DEFAULT AND AWARD OF DAMAGES

This case involves multiple defendants, and Plaintiff has alleged joint and several liability. Compl. 14. At this time, none of Defendants has responded, and Plaintiff seeks Entries of Default as to Defendants William Mulholland and Marcus Donovan, Skyline Grill co-owners. ECF Nos. 12 & 16. Plaintiff's Motions for Entry of Default are pending, and therefore Plaintiff has not moved for default judgment as to the individual Defendants.

In *Arbor Care Tree Experts, Inc. v. Arbor Care Tree Experts & Outdoor Services*, No. ELH-10-1008, 2011 WL 219636 (D. Md. Jan. 21, 2011), this Court considered the entry of default judgment as to one but not all defendants:

> The touchstone case regarding entry of default judgment against a single defendant in a multiple-defendant action is *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L. Ed. 60 (1872). There, the Supreme Court held that, ordinarily, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the proper course "is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants." *Id.* at 554. *See also* 10A *Wright, Miller & Kane, Federal Practice and Procedure* § 2690, at 73 (3d ed. 1998) ("As a general rule ..., when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, *or all defendants have defaulted*."). *Accord United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967); *Carter v. Rosenberg*, Civ. No. AMD–04–759, 2005 WL 782923, at *4 (D. Md. Apr. 7, 2005).
>
> . . . [S]ubsequent case law has recognized that *Frow*'s holding is limited to situations alleging "joint and/or several" liability, or at least " 'closely related' " liability. *Hudson*, 374 F.2d at 944–45 (citation omitted).

*Arbor Care*, 2011 WL 219636, at *1–2 (emphasis added). On that basis, I recommend that the Court withhold entry of default judgment and the award of damages as to Defendant Skyline Grill until the remaining defendants have defaulted or, if the remaining Defendants defend their cases, "until the matter has been adjudicated with regard to all defendants." 10A *Wright, Miller & Kane* § 2690, at 73; *see Arbor Care*, 2011 WL 219636, at *1. Moreover, I recommend that

the Court's eventual entry of default judgment and award of damages be consistent with any adjudicated verdict. *See Frow*, 82 U.S. at 554.

## IV.   CONCLUSION

In sum, I recommend that, after either Defendants Mulholland and Donovan default or this matter is adjudicated as to all defendants, to the extent consistent with any adjudicated verdict, the Court:

(1) grant Plaintiff's Motion for Default Judgment as to Defendant Skyline Grill on Counts One, Two, Three, and Four, and deny Plaintiff's Motion as to Defendant Skyline Grill on Count Five;

(2) award Plaintiff $18,641.52 as damages for unpaid regular wages and overtime compensation; attorney's fees; $400.00 in costs; and post-judgment interest as calculated under 28 U.S.C. § 1961; and

(3) deny Plaintiff's requests for treble damages, consequential damages, and pre-judgment interest.

Plaintiff will submit a bill of costs for attorney's fees within fourteen (14) days of this Report and Recommendation, with Defendant's response, if any, to be submitted within fourteen (14) days thereafter.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.   A draft order reflecting the recommended rulings is attached for the convenience of the Court for use (a) once

the time for filing objections has passed, and (b) once the liability of the remaining co-defendants either has been adjudicated on the merits or has been determined by default.

Dated: <u>November 5, 2012</u>                    _____/S/_____

                                                            Paul W. Grimm
                                                             United States Magistrate Judge