**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **THOMAS CLANCY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Case No.: ELH-12-1598** |
| **v.** | : | |
| | : | |
| **SKYLINE GRILL, LLC,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

…o0o…

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff Thomas Clancy's Bill of Costs and/or Motion for Attorney's Fees, ECF No. 18. ECF No. 15. Defendant Skyline Grill, LLC t/a Skyline Bar and Grill ("Skyline Grill") has not yet filed a response. I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons stated herein, I recommend that Plaintiff's Motion for Attorney's Fees be GRANTED, and that attorney's fees be AWARDED, as set forth herein, unless Skyline Grill shows cause within fourteen (14) days why the Court should not grant such relief.

## I.    FACTUAL AND PROCEDURAL HISTORY

On August 15, 2012, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hollander referred this case to me to review Plaintiff's Motion for Default Judgment as to Defendant Skyline Grill, ECF No. 10, and to make recommendations regarding damages. ECF No. 15. As more fully discussed in the Report and Recommendation that I issued on November 5, 2012, ECF No. 17, Plaintiff filed a five-count complaint against Defendant, alleging that Defendant failed to pay Plaintiff regular and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (1998 & Supp. 2007) ("FLSA") (Count One); the

Maryland Wage Payment Collection Law, Lab. & Empl. §§ 3-501 – 3-509 ("MWPCL") (Count Two); and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 – 3-431 (2008) ("MWHL") (Count Three); and that Defendant was liable to Plaintiff for breach of contract (Count Four) and in *quantum meruit* (Count Five).  Compl. ¶¶ 38, 39, 44, 48, 50 & 55, ECF No. 1. I recommended that, after either Defendants William Mulholland and Marcus Donovan default or this matter is adjudicated as to all defendants, to the extent consistent with any adjudicated verdict, the Court grant Plaintiff's Motion as to Defendant Skyline Grill on Counts One, Two, Three, and Four, and deny Plaintiff's Motion as to Defendant Skyline Grill on Count Five.  I also recommended that the Court award Plaintiff $400.00 in costs.

I noted that reasonable attorney's fees are mandatory under 29 U.S.C. § 216(b), and Lab. & Empl. §§ 3-507.2(b)(1) & 3-427(d) provide that the Court may award reasonable attorney's fees to the employee.  On that basis, I recommended that the Court award attorney's fees and directed Plaintiff to submit a bill of costs within fourteen (14) days of my Report and Recommendation, with Defendant's response, if any, to be submitted within fourteen (14) days thereafter.

In Plaintiff's Bill of Costs, he seeks $26,211 in attorney's fees.  Pl.'s Bill of Costs 5.  He submits an itemization of the hours spent on this case to date, Pl.'s Itemization, ECF No. 18-2, and the Declarations of Timothy W. Romberger and Sharon M. Donahue, co-counsel for Plaintiff, ECF Nos. 18-3 & 18-4.  These documents provide the details necessary to justify an attorney's fee award, *see Thompson*, 2002 WL 31777631, at *9.

## II.   DISCUSSION

In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended."  *Grissom v. The*

*Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that, "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award" (citations omitted)).    A trial court may exercise its discretion in determining the lodestar amount because it possesses "'superior understanding of the litigation'" and the matter is "'essentially'" factual. *Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002) (quoting *Daly v. Hill*, 790 F.2d 1071, 1078–79 (4th Cir. 1986)).    In addition to considering the various factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978),[1] the Court must be convinced that the "number of hours for which . . . reimbursement is [sought is] reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008).

Here, Plaintiff seeks a total of $26,211.00 in attorney's fees, "represent[ing] [83] hours in attorney time at the rate of $300.00 per hour, and an additional 11.4 hours in paralegal time at the rate of $115.00 per hour."    Pl.'s Bill of Costs 5; *see* Supplement to Plaintiff's Bill of Costs and/or Motion for Attorney's Fees, ECF No. 20 (clarifying that Plaintiff seeks compensation for 83 hours of attorney time, not 38, as stated in his Bill of Costs).    Appendix B to this Court's Local

---

[1] The factors *Johnson* articulated as relevant to lodestar calculations are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Thompson*, 2002 WL 31777631, at *6 n.19 (citing *Johnson*, 488 F.2d at 717–719).    It is

Rules, Rules and Guidance for Determining Attorneys' Fees in Certain Cases, provides that $275–400 is a reasonable hourly fee for "[l]awyers admitted to the bar for fifteen (15) years or more," and $95–115 is a reasonable hourly fee for "[p]aralegals and law clerks." Loc. R. App'x B, at 3.d, e (footnote omitted). Plaintiff's counsel Timothy Romberger has been practicing law since 1993, a period of more than fifteen years. Romberger Decl. ¶ 3. He is "admitted to practice in various states and before numerous United States District Courts throughout the nation." *Id.* Most of his career has "focused on the practice of employment law and litigation on behalf of both employers and employees," and he has "substantial experience representing both employers and employees in FLSA and wage and hour cases." *Id.* Plaintiff's counsel Sharon Donahue had been admitted to the Maryland and Washington D.C. bars for at least fifteen years. Donahue Decl. ¶ 3. Since graduation from law school in 1996, Ms. Donahue has "represent[ed] economically and culturally diverse clients in employment law matters, domestic law matters and bankruptcy. *Id.* For attorneys of their experience, the requested $300 per hour is a reasonable rate and well below what they might charge. *See* Loc. R. App'x B, at 3.d. Additionally, $115 per hour is a reasonable rate for the paralegal who worked on this case and who had ten years of experience as a paralegal in civil litigation. *See* Donahue Decl. ¶ 6; Loc. R. App'x B, at 3.e.

In their time sheet, counsel assert that they and Ms. Donahue's paralegal collectively devoted 94.4 hours to this litigation, including 18 hours for case development, background investigation and case administration; 38.1 hours for pleadings; 16.6 hours for motions; and 21.7 hours for preparation of the Bill of Costs. Pl.'s Itemization 1–7; *see Thompson*, 2002 WL 31777631, at *9–10 (noting that the prevailing party must "justify the hours for which an award

---

the duty of the trial court "to determine in the first instance which of the *Johnson* factors are

is sought," generally by "an itemized list of hours . . . and short description for each entry"; "minutely detailed records" are not required to support a fee request) (citing *Fair Housing Council of Greater Wash. v. Landow*, 999 F.2d 92, 97–98 (4th Cir. 1993); *Daly v. Hill*, 790 F.2d 1071, 1080 (4th Cir. 1986)).   The 94.4 hours (83 attorney hours and 11.4 paralegal hours) included time spent conferring between counsel and with the client regarding the case; effecting service of process; drafting the Complaint; and drafting and filing the Motion Requesting Entry of Default, Motion for Default Judgment as to Defendant Skyline Grill, and Bill of Costs; as well as 2.8 hours (2.7 attorney hours and 0.1 paralegal hours) drafting and filing the Motions for Entry of Default as to the other defendants. *See* Pl.'s Itemization 1–5 & 7.  Plaintiff should not recover for hours his attorney spent working on motions for entry of default with regard to the other defendants at this time; those fee requests will be proper in conjunction with any motions for default judgment Plaintiff files as to those defendants.[2]  Therefore, I find that 80.3 hours is a reasonable amount of time for counsel to have spent on this litigation, and 11.3 hours is a reasonable amount of time for the paralegal to have spent on this litigation.

### III.    CONCLUSION

In light of the foregoing, I recommend that the Court GRANT relief in the form of payment of attorney's fees by Defendant Skyline Grill of $25,389.50—representing the sum of $300 per hour multiplied by 80.3 hours ($24,090), and $115 per hour multiplied by 11.3 hours ($1,299.50), unless Skyline Grill shows cause why the Court should not grant such relief.

---

relevant to the determination of a reasonable fee in a particular case." *Id.*

[2] Likewise, any hours spent on this case and claimed in Plaintiff's Bill of Costs and/or Motion for Attorney's Fees should be excluded from any future motion for attorney's fees.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation.  *See* Fed. R. Civ. P. 72(b)(2); Loc. R. 301.5.b.  A proposed Order follows.


Dated:  <u>December 5, 2012</u>                    _____/S/_____
                                                                 Paul W. Grimm
                                                                  United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **THOMAS CLANCY,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Case No.: ELH-12-1598** |
| **v.** | : | |
| | : | |
| **SKYLINE GRILL, LLC,** *et al.*, | : | |
| **Defendants.** | : | |

…o0o…

## ORDER

For the reasons stated in the Report and Recommendation that United States Magistrate Judge Paul W. Grimm submitted on December 5, 2012, and the time for filing objections to the Report and Recommendation having passed, it is, this _____th day of _____, 2012, ORDERED that Plaintiff is AWARDED $_____ in attorney's fees, based on the reasonable amount demonstrated in Plaintiff's timely-filed Bill of Costs.

_____
Ellen Lipton Hollander
United States District Judge