## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS CLANCY | * | |
| | * | |
| v. | * | Case No. ELH-12-1598 |
| | * | |
| SKYLINE GRILL, LLC, *et al.* | * | |
| | * | |
| | ****** | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Default Judgment (ECF No. 23) filed by Plaintiff Thomas Clancy against the individual Defendants, Marcus Donovan and William Mulholland (collectively, "the individual Defendants"). The individual Defendants have not filed an opposition, and their deadline has now passed. On January 11, 2013, Judge Hollander referred this case to me to review Plaintiff's motion and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. ECF No. 25. No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2011). For the reasons discussed below, I respectfully recommend that Plaintiff's motion (ECF No. 23) be GRANTED and that damages be awarded as set forth herein.

### I.    BACKGROUND

On May 30, 2012, Plaintiff filed a Complaint in this Court alleging that Defendant Skyline Grill, LLC ("Skyline") and the individual Defendants failed to pay him wages owed for his work as a line cook at Skyline. ECF No. 1. According to the Complaint, Plaintiff worked at Skyline at least 45 hours per week from October 20, 2011 through April 10, 2012. *Id.* ¶¶ 12, 26 & 30. On April 10, 2012, he left Skyline due to ongoing non-payment of wages. *Id.*

Plaintiff alleged that he received very few payments for his work. *Id.* ¶¶ 17-20, 22-28. At one point, Defendant Donovan gave Plaintiff a personal check for $600 to cover some of the

unpaid wages, but the check failed to clear.  *Id.* ¶ 19.  Subsequently, Defendant Donovan paid

Plaintiff $1,300 in cash and $100 by personal check.  *Id.* ¶¶ 22-23, 25.

Plaintiff filed his Complaint on May 30, 2012, alleging violations of the Fair Labor

Standards Act, 29 USC 201-219 (1998 & Supp. 2007) ("FLSA"); the Maryland Wage Payment

Collection Law, Lab. & Empl. 3-501-3-509 ("MWPCL"); and the Maryland Wage and Hour

Law , Md. Code Ann., Lab. & Empl. 3-401-3-431 (2008) ("MWHL"), and claims of breach of

contract and *quantum meruit*.  *Id.* ¶¶ 38-39, 44, 48, 50 & 55.  Defendant Skyline was served with

the summons and Complaint on June 14, 2012.  ECF No. 6.  Defendant Donovan was served on

July 3, 2012, ECF No. 7, and Defendant Mulholland was served on August 12, 2012.  ECF No.

13.  Each of the Defendants failed to file an answer or to otherwise respond within the time

frames allowed in the Federal Rules of Civil Procedure.  At Plaintiff's request, the Clerk entered

an Order of Default against Skyline on July 16, 2012.  ECF No. 9.  Plaintiff then filed a Motion

for Default Judgment against Skyline.  ECF No. 10.  On November 5, 2012, United States

Magistrate Judge Paul W. Grimm filed a Report and Recommendation recommending entry of

default judgment against Skyline on Counts One through Four of the Complaint, and further

recommending an award of damages to Plaintiff in the amount of $18,641.52 for unpaid wages

and overtime compensation, $400.00 in costs, attorney's fees, and post-judgment interest as

calculated under 28 U.S.C. 1961.  ECF No. 17 at 21.  On November 30, 2012, the Clerk entered

Orders of Default against the individual Defendants.  ECF Nos. 21, 22.  On December 5, 2012,

Plaintiff filed the instant Motion for Default Judgment against the individual Defendants.  ECF

No. 23.

## II.    STANDARD FOR DEFAULT JUDGMENT

In reviewing Plaintiffs' Motion for Default Judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.*; *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The court can also make a determination of damages without a hearing so long as there is an adequate evidentiary basis in the record for an award. *See, e.g., Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum); *see also Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation Inc.*, 2011 WL 5151067 at *4 (D. Md. Oct. 27, 2011) (determining, in a similar case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested."); *Pentech Fin. Servs. Inc. v. Old Dominion Saw Works, Inc.*, 2009 WL 1872535 at *2 (W.D. Va. June 30, 2009) (concluding that there was "no

need to convene a formal evidentiary hearing on the issue of damages" after default judgment where plaintiff submitted affidavits and electronic records establishing the amount of damages sought).

In sum, (1) the court must determine whether the unchallenged facts in Plaintiff's Complaint constitute a legitimate cause of action, and, if they do, (2) the court must make an independent determination regarding the appropriate amount of damages and the appropriate injunctive relief.

## II.   DISCUSSION

### a.   Adoption of Rationale in Judge Grimm's November 5, 2012 Report and Recommendation

In Judge Grimm's Report and Recommendation, he reviewed the elements of each cause of action and applied those elements to the facts alleged by Plaintiff.  ECF No. 17.  He concluded that Plaintiff's allegations established that Skyline had violated the FLSA, the MWHL, and the MWPCL, and that Skyline had breached its contract with Plaintiff.  *Id.*  Judge Grimm also found that Plaintiff had not established a viable *quantum meruit* claim against Skyline.  *Id.*  I agree with Judge Grimm's rationale, and I incorporate his findings herein by reference.

### b.   Individual Liability Against Defendants Donovan and Mulholland

Plaintiff alleges that, like Skyline, Defendants Donovan and Mulholland are responsible for the violations of federal and state wage laws as his employer.  The FLSA allows a broad definition of "employer," to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  In *Jones v. Williams,* Civil No. CCB-11-793, 2011 WL 5110380 at *3 (D. Md. Oct. 24, 2011), the Court noted:

> In *Falk v. Brennan*, the Supreme Court described the FLSA's definition of employer as "expansive [ ]," and found that a defendant qualified as an "employer" under the statute because the defendant had extensive managerial

responsibilities and "substantial control of the terms and conditions of the work of [plaintiff] employees." *Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973) (cited in *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 141 (4th Cir.1999)).  More recently, in *Brock v. Hamad*, the Fourth Circuit found that a defendant manager was liable for FLSA violations as an "employer" because "he hired and directed the employees who worked for the enterprise." 867 F.2d 804, 808 n. 6 (4th Cir.1989).

Courts examine a variety of factors to assess the "economic reality" of an individual's status as employer, including but not limited to the individual's level of control over the employment relationship.  *See Gionfriddo v. Jason Zink, LLC*, 769 F.Supp.2d 880, 890 (D. Md. 2011).

Maryland courts apply the same "economic reality" test to define an employer for the purposes of the Maryland wage laws.  *Newell v. Runnels*, 407 Md. 578, 649-51 (2009).  Under the MWPCL, an "employer" is "any person who employs an individual in the State or a successor of the person."  Md. Code, Lab. & Empl. 3-501(b).  "Employ" is defined to include "allowing an individual to work" and "instructing an individual to be present at a work site."  Id at 3-101(c).

Under the tests set forth above, both Defendants Donovan and Mulholland are liable as employers under the federal and state wage laws.  Both individual Defendants are co-owners of Skyline.  Compl. ¶ 9.  Both participated in hiring Plaintiff as line cook.  *Id.* ¶ 11.  Both made repeated promises to pay Plaintiff the wages he was owed.  *Id.*  ¶¶ 17, 24.  Although those allegations alone suffice to establish each individual defendant as an "employer," Plaintiff makes additional allegations with respect to Defendant Donovan, including "wages" that Defendant Donovan paid to Plaintiff from his personal funds.  *Id.* ¶¶ 22-23, 25.  Because the economic reality of the relationship establishes that Defendants Donovan and Mulholland exercised sufficient control over the employment relationship to meet the definition of "employer" for

purposes of the wage laws, I recommend that Plaintiff's Motion for Default Judgment be granted.

### c. Damages

I agree with the calculation of wages and overtime damages set forth by Judge Grimm in his November 5, 2012 Report and Recommendation.  I therefore incorporate his rationale by reference into this opinion, and recommend that the award proposed in his Report and Recommendation be imposed on the basis of joint and several liability against Skyline and the individual Defendants.

With respect to attorney's fees and costs, Judge Grimm issued a second Report and Recommendation on December 5, 2012, ECF No. 24, addressing Plaintiff's motion for attorney's fees.  ECF No. 18.  In that Report and Recommendation, Judge Grimm recommended an award of attorney's fees in the amount of $25,389.50.  ECF No. 24.  In making that recommendation, Judge Grimm specifically excluded 2.7 attorney hours and 0.1 paralegal hours spent drafting and filing the instant Motion for Default Judgment, because he found that those fees would be proper only in the context of a subsequent motion for fees pertaining to this motion.  ECF No. 24 at 5. In the interest of reducing litigation costs, I recommend that, without requiring a separate motion for fees, additional fees be awarded to compensate Plaintiff's counsel for those reasonable hours. Specifically, I recommend an award of additional fees in the amount of $821.50, for a total of $26,211.00 in attorney's fees.[1]  Plaintiff also seeks increased costs in the amount of $205.00, to compensate for the costs of service on the individual Defendants.  That amount is a reasonable charge for the out-of-pocket expenses incurred in this litigation, and I recommend that it be awarded in addition to the $400.00 in costs recommended by Judge Grimm.  I further

---

[1]  $821.50 represents 2.7 hours at the attorney rate of $300 per hour plus 0.1 hours at the paralegal rate of $115 per hour.

recommend that the attorney's fees and costs be subject to joint and several liability among Skyline and the individual Defendants.

**Conclusion**

For the reasons set forth above, I recommend that:

1.      The Court GRANT Plaintiff's Motion for Default Judgment  (ECF No. 23); and

2.      The Court award Plaintiff $18,641.52 as damages for unpaid regular wages and overtime compensation, plus $26,211.00 in legal fees and $605.00 in costs for a total of $45,457.52, to be paid jointly and severally by all Defendants, plus post-judgment interest as calculated under 28 U.S.C. § 1961.

I also direct the Clerk to mail a copy of this Report and Recommendation to the individual Defendants at the addresses listed on Plaintiff's Complaint (ECF No. 1).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated:  January 23, 2013                          _____/s/_____

Stephanie A. Gallagher
United States Magistrate Judge