IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS CLANCY,
   *Plaintiff*,

v.                                                                  Civil Action No. ELH-12-1598

SKYLINE GRILL, LLC, *et al.*,
   *Defendants*.

**MEMORANDUM**

Plaintiff Thomas Clancy filed a five-count Complaint on May 30, 2012, alleging that Skyline Grill, LLC ("Skyline") and its co-owners, Marcus Donovan and William Mulholland, defendants, failed to pay plaintiff regular and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count 1); the Maryland Wage Payment Collection Law ("MWPCL"), Md. Code (2008 Repl. Vol., 2012 Supp.), Lab. & Empl. $ 3-501, *et seq.* (Count 2); and the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. § 3-401, *et seq*. (Count 3); and that defendants are liable for breach of contract (Count 4) and in *quantum meruit* (Count 5).

Presently pending before the Court are plaintiff's "Motion for Default Judgment as to Skyline Grill" ("Skyline Motion," ECF 10), "Motion for Default Judgment as to Individual Defendants" ("Individual Defendants Motion," ECF 23), and "Plaintiff's Bill of Costs and/or Motion for Attorney's Fees" ("Attorney's Fees Motion" ECF 18). A Report & Recommendation has been issued as to each motion. *See* ECF 17 (Report and Recommendation as to Skyline Motion, "Skyline R&R"); ECF 24 (Report and Recommendation as to Attorney's Fees,

"Attorney's Fees R&R"); ECF 26 (Report and Recommendation as to Individual Defendants Motion, "Individual Defendants R&R") (collectively, the "R&Rs").

No objections have been filed to any Report and Recommendation, and the time for filing objections to each Report and Recommendation has passed. *See* Fed. R. Civ. P. 72(b); Local Rule 301.5(b); Fed. R. Civ. P. 6(d). No hearing is necessary to resolve these motions. *See* Local Rule 105.6. For the reasons discussed below, I will adopt the R&Rs.

**Background**

Skyline was served with the summons and complaint on June 14, 2012, by certified mail to its resident agent, the Maryland Department of Assessments and Taxation. *See* ECF 6. Donovan was served on July 3, 2012. *See* ECF 7. Mulholland was served on August 12, 2012. *See* ECF 13. None of the defendants filed an Answer or otherwise responded to the Complaint.

On July 12, 2012, plaintiff filed a Motion for Entry of Default as to Skyline (ECF 8), which was granted on July 16, 2012 (ECF 9). Thereafter, on July 18, 2012, plaintiff filed the Skyline Motion (ECF 10), seeking monetary damages, interest, attorney's fees, and costs. On August 15, 2012, pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 54(d)(2)(D) and 72(b), and Local Rule 301.6, the matter was referred to then-Chief Magistrate Judge Paul W. Grimm (now District Judge) for a Report and Recommendation as to the Skyline Motion (ECF 15). On November 5, 2012, Judge Grimm issued a thorough and well reasoned report and recommendation, the Skyline R&R (ECF 17), in which he recommended that the Court grant the Skyline Motion and award plaintiff a total of $18,641.52 for unpaid wages and overtime compensation, as well as $400.00 in costs and post-judgment interest under 28 U.S.C. § 1961. *See* Skyline R&R at 21.

On November 19, 2011, pursuant to Judge Grimm's Skyline R&R, *see id.*, plaintiff filed the Attorney's fees Motion, seeking $26,211 in attorney's fees. *See* Attorney's Fees Motion at 5. Judge Grimm filed the Attorney's Fees R&R on December 5, 2012 (ECF 24), in which he recommended an award of attorney's fees to plaintiff in the amount of $25,389.50. *See* Attorney's Fees R&R at 5. Further, Judge Grimm recommended the deferral of an award of fees for counsel's preparation of a motion as to judgment with respect to the individual defendants, until such time as a default judgment motion was filed against the individual defendants. *See id.*

Plaintiff filed a Motion for Entry of Default as to both Donovan and Mulholland (ECF 12; ECF 16), which were granted on November 30, 2012 (ECF 21; ECF 22). Thereafter, on December 5, 2012, plaintiff filed the Individual Defendants Motion (ECF 23), seeking monetary damages, interest, attorney's fees, and costs. It was referred to Magistrate Judge Stephanie A. Gallagher for a report and recommendation (ECF 25). On January 23, 2011, Judge Gallagher issued a comprehensive and well considered report and recommendation, the Individual Defendants R&R (ECF 26), in which she recommended that the Court grant the Individual Defendants Motion and, incorporating the Skyline R&R and Attorney's Fees R&R, award plaintiff $18,641.52 as damages for unpaid wages and overtime compensation, as well as $26,211 in legal fees and $605 in costs, for a total of $45,457.52. In addition, she recommended the award of post-judgment interest under 28 U.S.C. § 1961. The award was to be paid jointly and severally by all defendants. *See* Individual Defendants R&R at 6-7.

Together, the R&Rs recommended that default judgment be granted as to Counts One, Two, Three, and Four, and denied as to Count Five. And, in sum, they recommended an award of compensatory damages in the amount of $18,641.52, along with reasonable attorney's fees in

the amount of $26,211, costs in the amount of $605, and post-judgment interest pursuant to 28 U.S.C. § 1961, to be paid jointly and severally by all defendants. *See* Skyline Grill R&R at 21; Individual Defendants R&R at 7.

As noted, no objections or exceptions have been filed to any Report and Recommendation.

## Discussion

Under the Magistrate Judges Act, 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings (if necessary) and report proposed findings of fact and recommendations for action on a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also* Local Rule 301.5(b). A motion for default judgment is a dispositive motion for purposes of the Magistrate Judges Act. *See Callier v. Gray*, 167 F.3d 977, 980-82 (6th Cir. 1999); *see also* Local Rule 301.6(al). Requests for attorneys' fees are also treated as dispositive motions for purposes of referral to a magistrate judge. *See* Fed. R. Civ. P. 54(d)(2)(D).

A party who is aggrieved by a magistrate judge's report and recommendation as to a dispositive motion must file "specific written objections to the proposed findings and recommendations" within fourteen days. Fed. R. Civ. P. 72(b)(2). The district judge must then "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But, the Court "need only conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which objection is made." *Chavis v. Smith*, 834 F. Supp. 153, 154 (D. Md. 1993). As to those portions of the report for which there is no objection, the district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life &*

*Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).

In accordance with Fed. R. Civ. P. 72(b), I have reviewed the R&Rs for clear error. Because they appear correct in all respects, I expressly adopt them as my own. In particular, I adopt ECF 17, ECF 24, and ECF 26.

An appropriate Order follows.

Date:   February 19, 2013                             /s/
                                        Ellen Lipton Hollander
                                        United States District Judge